894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George Paul LAROQUE, Plaintiff-Appellant,
v.
UNITED STATES of America; Department of Justice; Federal
Bureau of Investigation; James Everette Whatley,
Special Agent, Defendants-Appellees.
 No. 88-7829.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 14, 1989.
Decided: Jan. 16, 1990.
 
 George Paul LaRoque, appellant pro se.
 James Gordon Carpenter, Margaret Person Currin, Office of the United States Attorney, for appellees.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 George Paul LaRoque appeals the district court's order dismissing his civil action brought under Bivens[1] and the Federal Tort Claims Act. In his complaint LaRoque alleged that defendant Whatley gave perjured testimony during LaRoque's criminal trial. The action was originally brought in the United States District Court for the District of Columbia but was transferred, on defendant's motion, to the North Carolina district court pursuant to 28 U.S.C. Sec. 1404(a). LaRoque also challenges the propriety of the transfer.[2] We find no error in the transfer and affirm.
 
 
 2
 Defendant Whatley is entitled to absolute immunity from this suit because the claim is based on testimony given by Whatley as a witness in a criminal trial. Briscoe v. LaHue, 460 U.S. 325 (1983). Moreover, although Bivens held that sovereign immunity does not shield federal officers in their individual capacities from liability for violations of an individual's constitutional rights, it did not waive the sovereign immunity of the United States or its entities. Radin v. United States, 699 F.2d 681, 685 (4th Cir.1983). LaRoque's complaint against the government defendants, therefore, although properly brought under the Federal Tort Claims Act, was barred because he failed to file an administrative claim as required by 28 U.S.C. Sec. 2675(a).
 
 
 3
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [2]
 LaRoque has filed a motion in this Court to summarily vacate the district court's order and remand with instructions to return the case to the district court for the District of Columbia. In view of our disposition in this case we deny the motion